N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDITH MCALLISTER                                                                    PLAINTIFF

vs.                                       Civil No. 4:11-cv-04078

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Edith McAllister ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her current SSI application on October 30, 2007.[2]  (Tr. 8, 92-94). In her application, Plaintiff alleges being disabled due to back problems and depression. (Tr. 104).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed applications for DIB and SSI on June 15, 2005. Those applications were denied at the administrative level. Plaintiff appealed their denial, and this Court recommended their denial be affirmed. *See McAllister v. Astrue,* Civil No. 4:09-cv-04070, ECF Nos. 26-27. The Honorable District Judge Harry F. Barnes adopted this report and recommendation on August 17, 2010. *Id.* The current application is separate from this prior application, and this prior application will not be addressed in this opinion.

In this application, Plaintiff alleges an onset date of January 1, 2000. (Tr. 8, 92). This application was denied initially and again on reconsideration. (Tr. 57-58).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 70-91). An administrative hearing was held on April 8, 2010 in Little Rock, Arkansas. (Tr. 32-56). At the administrative hearing, Plaintiff was present and was represented by Howard Goode. *Id.* Plaintiff and Vocational Expert ("VE") Mack Wells testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified she was fifty (50) years old. (Tr. 45). Such an individual is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). Further, Plaintiff testified she had only completed the sixth grade in school. (Tr. 42).

On August 10, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's SSI application. (Tr. 8-21). In that decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 30, 2007, her application date. (Tr. 10, Finding 1). The ALJ determined Plaintiff had the following severe impairments: bipolar disorder, depression, and a back disorder. (Tr. 10, Finding 2). The ALJ also determined Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listing impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 10-12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-21, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR

416.967(b), and she is further limited to perform unskilled work. (Tr. 12-21, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 5). The VE testified at the administrative hearing regarding this issue, and he characterized Plaintiff's PRW as a cashier (light, unskilled). (Tr. 21). Based upon that testimony and after considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a cashier. (Tr. 21, Finding 5). Because she retained the capacity to perform her PRW, the ALJ also determined she had not been under a disability, as defined by the Act, from October 30, 2007 through the date of his decision or through August 10, 2010. (Tr. 21, Finding 6).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 30-31). On June 18, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On August 16, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 6, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (A) the ALJ erred in finding her impairments did not meet the requirements of Listing 1.02B; and (B) the ALJ erred in finding her impairments did not meet the requirements of Listings 12.04, 12.06, and 12.08.[3] ECF No. 8. In response, Defendant argues Plaintiff failed to satisfy her burden of establishing her impairments met or equaled the requirements of any of the Listings. ECF No. 9. This Court will address both of these arguments for reversal.

   A.   **Listing 1.02B**

Plaintiff claims the ALJ erred by finding her impairments did not meet or equal the requirements of Listing 1.02B. ECF No. 8 at 7-9. Listing 1.02B requires a demonstration of a "gross anatomical deformity" such as "subluxation, contracture, bony or fibrous ankylosis, instability." Plaintiff, however, has not provided any demonstration that she suffers from such a deformity. ECF No. 8 at 7-9. Instead, Plaintiff argues she has degenerative disc disease and degenerative joint disease, but there is no indication such impairments qualify as a "gross anatomical deformity." *Id.*

---

[3] Plaintiff also claims her impairments meet the requirements of Listings 12.02 and 12.05. ECF No. 8 at 9-18. Plaintiff, however, has not provided any briefing supporting this claim or demonstrating her impairments meet the requirements of these listings. *Id.* Accordingly, this Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" conclusory assertions that the ALJ failed to consider whether het met the requirements of certain listings because the claimant provided "no analysis of the relevant law or facts regarding these listings"). Further, Plaintiff appears to raise a final argument regarding the ALJ's evaluation of her subjective complaints, but Plaintiff only provides an argument header and no substantive briefing on this issue. ECF No. 8 at 18-20. Thus, this Court will also not address this issue further.

Further, the relevant portion of Listing 1.02 requires an impairment in "one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand)" which results "in inability to perform fine and gross movements effectively." Here, Plaintiff is claiming an impairment of her back and not an impairment of a "peripheral joint in each upper extremity." Thus, because Plaintiff has not demonstrated an impairment in a "peripheral joint in each upper extremity," she has not demonstrated she meets the requirements of this Listing. *See McCoy v. Astrue,* 648 F.3d 605, 611 (8th Cir. 2011) (holding that "[t]o qualify for disability under a listing, a claimant carries the burden of establishing that his [or her] condition meets or equals all specified medical criteria").

**B.     Listings 12.04, 12.06, and 12.08**

Plaintiff claims her impairments meet the requirements of Listings 12.04, 12.06, and 12.08. ECF No. 8 at 9-18. Listing 12.04 applies to affective disorders and states such disorders are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." Listing 12.06 applies to anxiety-related disorders, and Listing 12.08 applies to personality disorders.

To support her claim that her impairments meet the requirements of these listings, Plaintiff has submitted a checklist report from her treating physician, Dr. Shahdad Allawala, M.D. (Tr. 387-398). In this checklist report, Dr. Allawala opined Plaintiff's impairments met the requirements of Listing 12.04, 12.06, and 12.08. The ALJ fully evaluated Dr. Allawala's findings in his opinion. (Tr. 18-19). Specifically, the ALJ stated the following regarding Dr. Allawala's findings:

> In pursuit of disability benefits, the claimant's representative submitted these forms for Dr. Allawalla [Allawala] to complete. The undersigned does not find that this check-off form represents an accurate reflection of the claimant's mental functional capacity overall. The claimant does see Dr. Allawalla [Allawala] about every three months for medication management, and also sees Dr. Scott for therapy about once a month. If the claimant's mental condition was of the severity as to meet Listings 12.04, 12.06, and 12.08, it would be reasonable to conclude that the claimant would

6

>be experiencing episodes of decompensation where she would need a more structured psychological support system such as hospitalization, placement in a halfway house, or a highly structured and directing household. The claimant has been receiving treatment with Dr. Allawalla [Allawala]for several years, but there is no indication in her Psychiatric Progress Notes that the claimant's condition required hospitalization or even more therapy sessions than once a month. Dr. Allawalla [Allawala] made medication adjustments as needed, and was diligent in discussing side effects with the claimant. Normally, treating source opinions are entitled to "controlling weight" (20 CFR 416.927(d)(2) and SSR 96-2p) if the opinion is well supported by medically acceptable clinical and laboratory techniques; and is not inconsistent with the other substantial evidence of record. Dr. Allawalla's [Allawala's] opinion is not being entirely rejected but after evaluation of the factors identified in 20 CFR 416.927(d)(3) through (6), the undersigned finds the opinions found in Exhibit 21F are not persuasive in view of the overall record.

(Tr. 19).

Plaintiff claims the ALJ's evaluation of Dr. Allawala's findings was in error. ECF No. 8 at 5. Specifically, Plaintiff claims "[t]he [ALJ's] only basis for discrediting Dr. Allawalla's [Allawala's] opinion was one statement that Plaintiff was taking care of her ill parents." *Id.* Plaintiff claims such a finding is incorrect because she was no longer taking care of her parents as of the date of the hearing. *Id.*

There are two problems with Plaintiff's argument. First, upon review of the analysis above, this finding was not even one of the ALJ's primary reasons for discounting Dr. Allawala's opinions. (Tr. 19). The ALJ merely referenced this issue later in his opinion to further support his decision to discount Dr. Allawala's opinions. Second, regardless of whether Plaintiff was not caring for her parents as of the date of the hearing, the ALJ only noted Plaintiff was caring for her ill parents *on the date Dr. Allawala completed his evaluation* or on March 8, 2010. (Tr. 19). The fact Plaintiff was able to care for her sick parents does indicate her impairments do not meet the requirements of these listings, and the fact the ALJ recognized the inconsistency between Dr. Allawala's "checklist" findings and his notes further supports his determination on this issue.

As outlined above, and upon review of the record in this case, this Court finds the ALJ has provided several valid reasons for discounting Dr. Allawala's findings.  Plaintiff has provided no credible argument demonstrating the ALJ's stated reasons are improper or invalid.  ECF No. 8. Accordingly, this Court finds the ALJ properly discounted Dr. Allawala's opinions and properly found Plaintiff's impairments did not meet the requirements of Listings 12.04, 12.06, and 12.08.

There are two final issues that must be addressed.  First, Plaintiff repeatedly claims the ALJ erred by failing to present hypothetical questions to the VE regarding her impairments.  ECF No. 8 at 9.  In the present action, Plaintiff is correct that the ALJ ended his analysis at Step Four and did not present hypothetical questions to the VE.  (Tr. 55-56).  The ALJ is, however, not required to rely upon the testimony of a VE at Step Four of the analysis.  *See Banks v. Massanari,* 258 F.3d 820, 828 (8th Cir. 2001).  Thus, this Court finds no error on this issue.

Second, Plaintiff appears to argue the ALJ should have provided some specificity in his RFC determination as to Plaintiff's ability to alternate between sitting and standing.  ECF No. 8 at 8. Citing SSR 96-9P, Plaintiff claims the RFC assessment must be specific as to this issue.  However, Plaintiff has presented no evidence indicating a sit/stand option is required.  Indeed, Plaintiff references her lower back pain, restless leg syndrome, and sciatica to support her claim she needs a sit/stand option, but the only records Plaintiff cites for these impairments are dated before her application was filed on October 30, 2007.  (Tr. 165, 337).  Such records are not a part of the relevant time period.  Finally, upon a review of these records, they do not even demonstrate she would require such a sit/stand option.  Accordingly, this Court finds no error on this issue.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, should be affirmed.  A judgment incorporating these findings will be entered pursuant

to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of July 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE